**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YONG WU; et al., | No. 20-71614 |
| Petitioners, | Agency Nos. A201-017-266 |
| v. | A201-017-267 |
| | A201-017-268 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 21, 2021
San Francisco, California

Before: WATFORD and HURWITZ, Circuit Judges, and BAKER,** International Trade Judge.

Yong Wu, a native and citizen of China, petitions for review of an order of

the Board of Immigration Appeals (BIA) denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

The BIA's order upheld the determination of an immigration judge (IJ) that Wu's testimony was not credible and that he therefore failed to establish eligibility for relief. We grant the petition and remand for further proceedings.

**1.** The BIA upheld the IJ's adverse credibility determination based on one inconsistency and four omissions. We conclude that the inconsistency finding is supported by substantial evidence but that the omission findings are not.

The IJ and BIA found Wu's testimony inconsistent with his wife's testimony as to whether witnesses appeared at Wu's criminal trial. The record supports that finding. Wu testified at the hearing that none of the witnesses listed in the criminal judgment spoke at the trial or were present in court. His testimony on that point was consistent with the criminal judgment, which stated that the prosecutor "showed" witness "testimonies" to prove the allegations against Wu, and with the country conditions report, which documented that only a small percentage of criminal trials in China involve live witness testimony. Nevertheless, when Wu's wife testified at the hearing, she stated that there were "quite a lot" of witnesses who were present and spoke at the trial. The IJ gave Wu an opportunity to explain this inconsistency, but Wu stated only that his wife was nervous, that she had not slept well the night before, and that there were many people at the trial but none were witnesses. The IJ and BIA were not required to credit that explanation.

By contrast, none of the four omissions that the BIA relied on is supported by substantial evidence. The first three involve details Wu mentioned in his testimony at the hearing that the BIA concluded were omitted from his written submissions. In our view, each of these supposed omissions is either trivial or nonexistent. *See Shrestha v. Holder*, 590 F.3d 1034, 1043–44 (9th Cir. 2010). First, although Wu's declarations did not specify that he had been interrogated for seven hours, they did state that he had been interrogated "for long hours" and "for a long time." Second, Wu did not mention in his declarations that he had been deprived of food during his interrogation, but that omission is trivial given his written statements that he had been beaten and deprived of sleep and had "suffered tremendous physical and emotional harm." Third, Wu's declarations did not state explicitly that he had been held in pre-trial detention for nine months before being charged, but they did state that he was detained for 11 months between the date of his arrest and the date he was brought to trial. Moreover, the criminal judgment confirmed that he was detained for nine months before being indicted.

Finally, Wu did not omit mention of his resistance to his wife's forced abortions. His declaration expressly incorporated by reference his wife's declaration describing those facts. And at the hearing, Wu agreed to submit his abortion-related claims on his wife's declaration alone in order to shorten the time

needed for Wu's testimony. The IJ then found his wife's declaration "credible" and afforded it "full evidentiary weight."

Having concluded that four of the five grounds for the adverse credibility determination are not supported by substantial evidence, we must consider whether the totality of the circumstances nonetheless supports the determination. *See Alam v. Garland*, 11 F.4th 1133, 1135–36 (9th Cir. 2021) (en banc). To sustain the determination, we must be confident that the BIA would have affirmed the IJ's adverse credibility determination resting on the inconsistency alone. *See id.* at 1136 (cautioning against "affirming a conclusion that, in most cases, the IJ would not have made in the first place"). We lack such confidence here, given the weight that the agency placed on the unsupported omissions, and the fact that Wu's testimony concerning the absence of live witnesses at his trial is supported by other evidence in the record even though it was contradicted by his wife's testimony at the hearing. Because we are not confident that the agency would have upheld the adverse credibility determination based on the inconsistency alone, we grant the petition and remand for reconsideration of that determination.

**2.** On remand, the BIA should also address the merits of Wu's asylum claim based on his "resistance" to his wife's forced abortions. *Nai Yuan Jiang v. Holder*, 611 F.3d 1086, 1093–94 (9th Cir. 2010). As explained above, Wu's testimony on that issue incorporated the details from his wife's declaration, and the BIA did not

disturb the IJ's finding that his wife's testimony on that point was credible. Although the IJ concluded that the facts specified in the wife's declaration were not sufficient to support a finding of past persecution for Wu, the BIA did not address that issue in its ruling. The agency will need to do so on remand.

**PETITION FOR REVIEW GRANTED; CASE REMANDED.**